UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANORA MCGILL,

      Plaintiff,

    v.

WACHOVIA MORTGAGE, FSB LOAN;
AMERICAN MORTGAGE NETWORK,
INC., a Delaware Corporation;
QUALITY LOAN SERVICE CORP.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
CONSOLIDATED CAPITAL MORTGAGE;
CAREY FRED CRONE; and DOES 1-
20,

      Defendants.
_____/

Civ. No. 2:09-cv-2002 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendants
Wachovia Mortgage, FSB Loan ("Wachovia") and American Mortgage
Network, Inc. ("AmNet") (collectively "defendants") to dismiss
plaintiff Lanora McGill's ("plaintiff") first amended complaint
("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).
/////

1

Plaintiff opposes the motions.  For the reasons set forth below,[1]
defendants' motion is GRANTED.

### BACKGROUND

Plaintiff brings this action against defendants Wachovia,
AmNet, Quality Loan Service Corp. ("Quality"), Mortgage
Electronic Registration Systems, Inc. ("MERS"), Consolidated
Capital Mortgage ("Consolidated"), and Carey Fred Crone
("Crone").  (Pl.'s First Am. Compl. ("FAC"), filed Sept. 18,
2009, ¶¶ 8-9, 12.)  Plaintiff's claims are all based upon
activities relating to a residential mortgage loan transaction.
(Id. ¶¶ 6, 17.)

On July 23, 2007, plaintiff obtained a loan from defendant
AmNet on property located at 465 Arcade Boulevard, Sacramento,
California (the "Property").  (Id. ¶ 31.)  The loan was secured
by a deed of trust which named AmNet as the lender and MERS as
the beneficiary.  (Id. ¶¶ 31-32.)  In August 2007, defendant
Crone approached plaintiff and solicited her to refinance the
Property.  (Id. ¶¶ 7, 23.)  Plaintiff retained defendants Crone
and Consolidated to act as her agents in negotiating the
refinancing.  (Id. ¶¶ 24-28.)  Plaintiff eventually defaulted on
the loan, and defendant Quality filed a Notice of Default on
January 13, 2009.  (Id. ¶ 43.)

Plaintiff alleges that on April 17, 2009 she mailed a
Qualified Written Request ("QWR") to Wachovia, in which she
included a demand to rescind the loan pursuant to the provisions

---

[1]      Because oral argument will not be of material
assistance, the court orders these matters submitted on the
briefs. E.D. Cal. L.R. 230(g).

1  of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601

2  et seq.. (<u>Id.</u> ¶ 33.)  Plaintiff further alleges that Wachovia

3  never responded to her demand. (<u>Id.</u>)

4      Plaintiff subsequently filed suit on July 20, 2009, alleging

5  claims for (1) violation of TILA; (2) violation of the California

6  Rosenthal Act, California Civil Code §§ 1788 et seq.; (3)

7  negligence; (4) violation of Real Estate Settlement Procedures

8  Act ("RESPA"), 12 U.S.C. §§ 2605, et seq.; (5) breach of

9  fiduciary duty; (6) fraud; (7) violation California Business &

10  Professions Code § 17200 *et seq.*; (8) breach of contract; (9)

11  breach of implied covenant of good faith and fair dealing; (10)

12  wrongful foreclosure; and (11) violation of California Welfare &

13  Institutions Code §§ 15600 *et seq.* (Docket No. 1.)

14      Plaintiff bases several of her eleven claims on allegations

15  that the defendants failed to provide her with requisite copies

16  of certain loan documents prior to closing. (<u>Id.</u> ¶¶ 29, 40.)

17  Additionally, plaintiff alleges that defendants unlawfully

18  developed a scheme to "infuse capital into the home mortgage

19  lending system" in order to induce a bankruptcy transaction and

20  force plaintiff into foreclosure. (<u>Id.</u> ¶¶ 18, 47-48.)

21  **STANDARDS**

22      Under Federal Rule of Civil Procedure 8(a), a pleading must

23  contain "a short and plain statement of the claim showing that

24  the pleader is entitled to relief." <u>See</u> <u>Ashcroft v. Iqbal</u>, 129

25  S. Ct. 1937, 1949 (2009).  Under notice pleading in federal

26  court, the complaint must "give the defendant fair notice of what

27  the claim is and the grounds upon which it rests." <u>Bell Atl.</u>

28  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations

3

omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Id. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555.  Moreover, it is inappropriate to assume that the plaintiff "can

4

prove facts which it has not alleged or that the defendants have

violated the . . . laws in ways that have not been alleged."

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which

the plaintiff has alleged "enough facts to state a claim to

relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949

(citing Bell Atl. Corp., 550 U.S. at 570).  Only where a

plaintiff has failed to "nudge [his or her] claims across the

line from conceivable to plausible," is the complaint properly

dismissed.  Id. at 1952.  While the plausibility requirement is

not akin to a probability requirement, it demands more than "a

sheer possibility that a defendant has acted unlawfully."  Id. at

1949.  This plausibility inquiry is "a context-specific task that

requires the reviewing court to draw on its judicial experience

and common sense."  Id. at 1950.

## ANALYSIS

### A.   Defendants' Exhibits

In ruling upon a motion to dismiss, the court may consider

matters which may be judicially noticed pursuant to Federal Rule

of Evidence 201.  Mir, 844 F.2d at 649; Isuzu Motors Ltd. v.

Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042

(C.D. Cal. 1998).  Rule 201 permits a court to take judicial

notice of an adjudicative fact "not subject to reasonable

dispute" because the fact is either "(1) generally known within

the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

The court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  Id.  The policy concern underlying the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

Several of plaintiff's claims for relief are dependent upon Wachovia's status as a federal savings bank and AmNet's status as financial institution.  Exhibits 1 and 3 contained in defendants' Request for Judicial Notice ("RFJN") address Wachovia's and AmNet's status, respectively.  Accordingly, the court will treat the exhibits as part of the complaint and assume that their contents are true for purposes of the motions to dismiss. Ritchie, 342 F.3d at 908.

**B.    TILA**

Plaintiff's first claim for relief alleges, *inter alia*, that defendant AmNet violated TILA by (1) failing to provide the required disclosures to plaintiff at the time of closing, and (2)

failing to respond to plaintiff's letter of "rescission." (FAC ¶¶ 33, 58-60.)  AmNet moves to dismiss the claim, arguing that (1) plaintiff's claim for rescission must fail because she has not pled the ability to tender payment, and (2) plaintiff's damages claim is time barred.  (Def.'s Mot. to Dismiss ("MTD"), filed Oct. 22, 2009, 3:17-21.)

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 560 (1980) (quoting 15 U.S.C. § 1601).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).  A loan disclosure violation under TILA triggers two potential remedies for a borrower: rescission, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640.  Plaintiff seeks to rescind the loan and obtain damages pursuant to § 1640(a)(2).

### 1.   Rescission Under TILA

In the present action, plaintiff alleges that defendant AmNet did not provide her with the required notice of her right to rescind in violation of 15 U.S.C. § 1635(a).  (FAC ¶¶ 59-60.) AmNet moves to dismiss, arguing that plaintiff failed to plead the ability to tender payment.  In response, plaintiff asserts that she need not plead the ability to tender "where it would be inequitable to do so." (Pl.'s Opp'n to MTD ("Pl.'s Opp'n"), filed Jan. 26, 2010, 6:14-15.)

////

In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction. McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635). A creditor must "clearly and conspicuously disclose" this right to the borrower along with "appropriate forms for the [borrower] to exercise his right to rescind." 15 U.S.C. 1635(a). If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation to rescind the transaction. Id. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation.").

The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. See, e.g., Ibarra v. Plaza Home Mortgage, No. 08-CV-01707-H, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 2009); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299, at *4 (C.D. Cal. July 29, 2009); Carnero v. Weaver, No. 08-CV-01707-H, 2009 U.S. Dist. LEXIS 62665, at *8 (N.D. Cal. July 20, 2009); Ing Bank v. Korn, No. C09-124Z, 2009 U.S. Dist. LEXIS 73329, at *7 (W.D. Wash. May 22, 2009); Garza v. Am. Home Mortgage, No. CVF 08-1477,

8

2009 U.S. Dist. LEXIS 7448, at *15 (E.D. Cal. Jan. 27, 2009)
(stating that "rescission is an empty remedy without [the
borrower's] ability to pay back what she has received").

Here, plaintiff's failure to plead the ability to tender
payment is fatal to her rescission claim.  See Boles, 2009 WL
650631, at *1 (determining that, in absence of demonstrated
ability to tender, plaintiff did not demonstrate likelihood of
success on merits of TILA claim); Garza, 2009 U.S. Dist. LEXIS
7448, at *15.  Plaintiff did not plead any facts supporting the
ability or willingness to tender payment in her FAC, and her
subsequent filings are devoid of any assertions that would allow
the court to make a reasonable inference that she once had or
currently has the ability to tender.  Moreover, plaintiff has
failed to plead any facts or cite any authority to support her
assertion that conditioning rescission upon repayment would be
inequitable.

Accordingly, AmNet's motion to dismiss plaintiff's first
claim for rescission under TILA is GRANTED.

### 2.  Damages Under TILA

Plaintiff also seeks damages under TILA for AmNet's alleged
failure to make the initial disclosures required by TILA.  (FAC ¶
63.)  AmNet contends that the one year statute of limitations set
forth in 15 U.S.C. § 1640(e) bars plaintiff's claim for damages.
In response, plaintiff argues that her claim is not time barred
because the doctrine of equitable tolling suspended the statute
of limitations.  (Pl.'s Opp'n 7:19-21, 8:23-24.)

A party alleging damages under TILA must bring a claim
"within one year from the date of the occurrence of the

violation." 15 U.S.C. § 1640(e).  As a general rule, the statutory period "starts at the consummation of the [loan] transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  The Ninth Circuit, however, has held that equitable tolling of the TILA limitations period is authorized in appropriate circumstances.  King, 784 F.2d at 914-15.  Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).  In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.  Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Here, because plaintiff alleges to have consummated the loan on July 23, 2007, and filed the instant lawsuit on July 20, 2009, her TILA damages claim is facially time-barred.  Although plaintiff's claim is subject to equitable tolling, she has failed to allege any facts to establish her entitlement to such tolling.  The basis for plaintiff's damages claim involves defendant's failure to provide the required disclosures at the consummation of the loan.  (FAC ¶ 40.)  However, courts have held that such an allegation, standing alone, is insufficient to plausibly state a basis for tolling.  See, e.g., Garcia v. Wachovia Mortgage Corp., No. 2:09-cv-03925-FMC, 2009 WL 3837621, at *7-8 (C.D. Cal. Oct. 14, 2009) (finding that plaintiff did not "state facts plausibly

indicating any basis for tolling the statute of limitations"
because "the mere allegation of TILA disclosure violations does
itself not toll the statute").

Furthermore, plaintiff's bare contention that AmNet
"purposefully hid[]" facts surrounding the loan transaction,
without more, is also insufficient proof of a basis for tolling.
The complaint is devoid of any allegations as to how defendants
hid this information, or when plaintiff discovered the alleged
TILA violations.  See Linqad v. IndyMac Fed. Bank, 2:09-cv-02347,
2010 U.S. Dist. LEXIS 7350, at *7-8 (E.D. Cal. Jan. 29, 2010)
("[W]hen a plaintiff fails to allege facts demonstrating that the
TILA violations alleged could not have been discovered by due
diligence during the one-year statutory period, equitable tolling
should not be applied and dismissal at the pleading stage is
appropriate.").

Accordingly, defendants' motion to dismiss plaintiff's
damages claim based on a failure to disclose required documents
under TILA is GRANTED.

**C.   California's Rosenthal Act**

Plaintiff's second claim for relief alleges that defendant
Wachovia violated California's Rosenthal Fair Debt Collection
Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 et seq., by
using "unfair and unconscionable" means to attempt to collect
payment from plaintiff.  (FAC ¶ 69.)  Wachovia contends that
plaintiff failed to plead any facts that could plausibly support
a claim for relief.

The purpose of the RFDCPA is "to prohibit debt collectors
from engaging in unfair or deceptive acts or practices in the

11

collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b). A debt collector violates the act when it engages in harassment, threats, the use of profane language, false simulation of the judicial process, or when it cloaks its true nature as a licensed collection agency in an effort to collect a debt. See id. §§ 1788.10-88.18; see also Hernandez v. Cal. Reconveyance Co., 2009 U.S. Dist. LEXIS 13936, at *13 (E.D. Cal. Feb. 23, 2009) (holding that RFDCPA claim failed because complaint lacked allegations of harassment or abuse, false or misleading representations of debt collector's identity, or unfair practices during process of collecting debt). However, the mere allegation that defendants foreclosed on a deed of trust does not implicate the RFDCPA. See, e.g., Benham v. Aurora Loan Servs., 2009 U.S. Dist. LEXIS 78384, at *6 (N.D. Cal. Sept. 1, 2009); Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS 67807, at *9 (S.D. Cal. Aug. 4, 2009); Hepler v. Wash. Mut. Bank, FA, 2009 U.S. Dist. LEXIS 33883, at *11 (C.D. Cal. Apr. 17, 2009).

In the present case, plaintiff claims that Wachovia sent her deceptive letters, made phone calls to plaintiff demanding payment, and made false reports about plaintiff's credit to credit reporting agencies. (FAC ¶¶ 69-70.) However, these bare allegations fail to adequately put Wachovia on notice of the basis for the alleged RFDCPA violation. For example, plaintiff's FAC does not allege how or why Wachovia's letters and credit reports were misleading. Plaintiff also does not allege threats, harassment, or profane language that occurred after the loan was made. In short, plaintiff's FAC fails to state facts that give

12

rise to a fair inference that Wachovia violated the RFDCPA.  <u>See</u>
<u>Larkin v. Select Portfolio Servicing</u>, 2009 U.S. Dist. LEXIS
97656, at *8 (E.D. Cal. Oct. 21, 2009) (holding that allegations
that defendant used "unfair or unconscionable means to collect a
debt" are merely conclusions of law when the plaintiff did not
allege any facts concerning frequency, timing, or methods of debt
collection practices).

Accordingly, defendants' motion to dismiss plaintiff's
RFDCPA claim is GRANTED.

**D.   Negligence**

Plaintiff's third claim seeks relief on the basis that
defendants AmNet and Wachovia breached various duties owed
plaintiff in connection with her loan transaction.  (FAC ¶¶
78-79.)  Defendants argue, *inter alia*, that they owe no tort duty
of care to plaintiff as a matter of law.  (MTD 4:25-26.)

Under California law, the elements of a claim for negligence
are "(a) a legal duty to use due care; (b) a breach of such legal
duty; and (c) the breach as the proximate or legal cause of the
resulting injury." <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913,
917 (1996) (internal citations omitted); <u>see also</u> Cal Civ Code §
1714(a).  "[A]s a general rule, a financial institution owes no
duty of care to a borrower when the institution's involvement in
the loan transaction does not exceed the scope of its
conventional role as a mere lender of money . . . ." <u>Nymark v.</u>
<u>Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1095 (Ct.
App. 1991).

/////

/////

13

### 1.   Defendant AmNet

With regard to defendant AmNet, plaintiff first contends that AmNet ordered and authorized defendants Crone and Consolidated to direct plaintiff into a loan she could not afford.  (FAC ¶¶ 77-78.)  Specifically, plaintiff alleges that AmNet, acting as lender, "directly ordered, authorized and participated in" the alleged misconduct of Crone and Consolidated.  (Id. ¶ 78.)  Although a lender may be liable for actively participating in the negotiation of a loan through a broker-agent, Plata, 2005 WL 3417375, at *7-8, plaintiff has not alleged facts that would suggest AmNet's actions exceeded its conventional role as a mere lender of money.  Plaintiff's allegations, without more, do not give rise to negligence liability.

Next, plaintiff argues that AmNet was negligent in failing to make the "required disclosures" to plaintiff under TILA.[2] (FAC ¶ 78.)  Because making such disclosures are within "the scope of [AmNet's] conventional role as a mere lender of money," Nymark, 231 Cal. App. 3d at 1095, the court rejects plaintiff's argument that AmNet owes plaintiff a duty of care.  Moreover, courts in the Ninth Circuit have held that, to the extent a negligence claim "seeks to impose the requirements of TILA," such claims are preempted.  Reyes v. Premier Home Funding, Inc., 640 F. Supp. 2d 1147, 1156 (N.D. Cal. June 17, 2009).

---

[2]   In her third cause of action, plaintiff does not specifically identify which "required disclosures" she is referring to.  However, plaintiff does allege in her general allegations that AmNet failed to provide her with disclosures as required under TILA, and the court assumes plaintiff is referring to these documents in her third cause of action.

1    Accordingly, defendant AmNet's motion to dismiss plaintiff's
2 negligence claim is GRANTED.

3        **2.    Defendant Wachovia**

4    With regard to defendant Wachovia, plaintiff alleges that
5 Wachovia breached its duty of care by (1) charging fees and
6 taking payments from plaintiff to which it was not entitled, and
7 (2) authorizing the "negative reporting of plaintiff's
8 creditworthiness to various credit bureaus." (FAC ¶ 79.)  As
9 noted above, banks do not owe a fiduciary duty to their
10 borrowers.  Nymark, 231 Cal. App. 3d at 1095.  Plaintiff has
11 failed to plead any facts demonstrating that Wachovia exceeded
12 the scope of its conventional role as a bank.[3]  See id.;  Kim v.
13 Sumitomo Bank, 17 Cal. App. 4th 974, 979-81 (Ct. App. 1993);
14 Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (Ct. App.
15 1989).  Because plaintiff has not alleged that Wachovia had a
16 duty independent of the mortgagor-mortgagee relationship, she has
17 failed to state facts sufficient for a claim of negligence.  See
18 Gaitan v. Mortgage Electronic Registration Systems, No. 09-1009,
19 2009 WL 3244729, at *8 (C.D. Cal. Oct. 5, 2009) (citation
20 omitted) ("[P]arties to a contractual relationship, such as a
21 mortgagor and mortgagee, cannot bring a tort claim [for
22 negligence] unless a legal duty independent of the contract
23 itself has been violated.").

24    Accordingly, defendant Wachovia's motion to dismiss
25 plaintiff's negligence claim is GRANTED.

26

27        [3]    Wachovia requested judicial notice of various documents
28 that prove it is a federal savings bank in good standing.  (RFJN
¶ 2.)

                                 15

**E.    RESPA**

Plaintiff's fourth cause of action is for violation of the Real Estate Settlement Procedures Act ("RESPA") against both defendants.   12 U.S.C. 2601 et seq.   Section 2605 of RESPA requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower: (1) at the time of the loan application, and (2) at the time of transfer.   12 U.S.C. § 2605.   The loan servicer also has a duty to respond to a borrower's inquiry or "qualified written request."   Id. § 2605(e).

**1.    Defendant Wachovia**

Defendant Wachovia moves to dismiss this claim on the basis that plaintiff has failed to plead actual damages.   A claim for a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to the defendant's failure to respond to a QWR. See Benham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, at *10-11 (N.D. Cal. Oct. 1, 2009); Singh v. Wash. Mut. Bank, No. C-09-2771 MMC, 2009 U.S. Dist. LEXIS 73315, at *16 (N.D. Cal. Aug. 19, 2009).   While courts interpret this requirement liberally, the plaintiff must at least allege what the plaintiff lost or how the plaintiff suffered actual harm. See Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV. S-09-1504 LKK, 2009 U.S. Dist. LEXIS 79094, at *44 (E.D. Cal. Sept. 3, 2009) (holding that plaintiff's claim was sufficient to survive motion to dismiss because plaintiff alleged that she was made to pay referral fee that RESPA prohibited); Hutchinson v. Del. Sav. Bank, FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)

16

1  (holding that plaintiffs adequately pled actual damages when they

2  alleged that they suffered "negative credit ratings on their

3  credit reports [and] the inability to obtain and borrow another

4  mortgage loan and other financing").

5      Plaintiff's FAC does nothing more than claim that she

6  "suffered and continues to suffer damages" as a result of

7  Wachovia's failure to acknowledge plaintiff's alleged QWR.  (FAC

8  ¶ 90.)  This allegation, alone, is insufficient to demonstrate

9  that plaintiff suffered actual damages as a result of Wachovia's

10  failure to respond to the alleged QWR.

11      Accordingly, defendant Wachovia's motion to dismiss

12  plaintiff's fourth claim for relief for violations of RESPA is

13  GRANTED.

14          **2.   Defendant AmNet**

15      Defendant AmNet moves to dismiss this claim on the basis

16  that plaintiff's claim is barred by the statute of limitations.

17  An action brought pursuant to 12 U.S.C. § 2607(a), the

18  anti-kickback and unearned fees provision of RESPA, is subject to

19  a one-year statute of limitations, which starts to run on the

20  date a loan closes.  12 U.S.C. § 2614; see also Kotok v.

21  Homecomings Fin., No. C09-662RSM, 2009 WL 2057046, at *3 (W.D.

22  Wash. July 14, 2009).  In this case, plaintiff alleges that AmNet

23  received kickbacks and referral fees disproportionate to the work

24  it performed.  (FAC ¶ 89.)  Plaintiff filed the instant action on

25  July 20, 2009, almost two years after plaintiff's loan closed on

26  July 23, 2007.  (Docket No. 1; FAC ¶ 31.)  Because plaintiff has

27  not alleged sufficient facts to support equitable tolling, her

28  RESPA anti-kickback claim is time-barred.

1    Accordingly, defendant AmNet's motion to dismiss plaintiff's
2    fourth claim for relief for violations of RESPA is GRANTED.

3    **F.    Breach of Fiduciary Duty**

4        Plaintiff's fifth claim for relief alleges that AmNet
5    breached its fiduciary duty to plaintiff by (1) directly
6    authorizing and participating in the tortious conduct of
7    defendants Crone and Consolidated, and (2) by failing to comply
8    with the requirements of TILA and RESPA.  (FAC ¶¶ 93-94, 99.)
9    AmNet moves to dismiss the claim on the basis that a lending
10   institution does not owe a fiduciary duty to a borrower.  (MTD
11   7:10-13.)

12       In order to sustain a claim for breach of a fiduciary duty,
13   "a plaintiff must demonstrate the existence of a fiduciary
14   relationship, breach of that duty and damages."  <u>Serrano v. Sec.</u>
15   <u>Nat'l Mortgage Co.</u>, No. 09-CV-1416 H (CAB), 2009 U.S. Dist. LEXIS
16   71725, at *12-13 (S.D. Cal. Aug. 14, 2009) (citing <u>Shopoff &</u>
17   <u>Cavallo LLP v. Hyon</u>, 167 Cal. App. 4th 1489 (Ct. App. 2008).
18   "Absent special circumstances, a loan transaction is at
19   arms-length and there is no fiduciary relationship between the
20   borrower and lender."  <u>Rangel v. DHI Mortgage Co.</u>, No. CV F
21   09-1035 LJO GSA, 2009 U.S. Dist. LEXIS 65674, at *8 (E.D. Cal.
22   July 20, 2009); <u>see also</u> <u>Tasaranta v. Homecomings Fin.</u>, No.
23   09-CV-01722-H (WMC), 2009 U.S. Dist. LEXIS 87372, at *15 (S.D.
24   Cal. Sept. 21, 2009); <u>Brittain v. IndyMac Bank, FSB</u>, No.
25   C-09-2953 SC, 2009 U.S. Dist. LEXIS 84863, at *14 (N.D. Cal.
26   Sept. 16, 2009); <u>Dinsmore-Thomas v. Ameriprise Fin., Inc.</u>, No.
27   SACV 08-587 DOC (PLAx), 2009 U.S. Dist. LEXIS 68882, at *29 (C.D.
28   Cal. Aug. 3, 2009); <u>Fox & Carskadon Financial Corp. v. San</u>

18

<u>Francisco Fed. Sav. & Loan Ass'n</u>, 52 Cal. App. 3d 484, 488, 489 (Ct. App. 1975); <u>Bradler v. Craig</u>, 274 Cal. App. 2d 466, 473, 476 (Ct. App. 1969).

Plaintiff's claim for breach of fiduciary duty must fail because plaintiff has not alleged any facts creating a special circumstance where AmNet, as lender, owed a fiduciary duty to plaintiff.  Plaintiff only alleges that AmNet owed a fiduciary duty to plaintiff "through their interjection into the brokerage of the loan . . . ."  (FAC ¶ 97.)  Under California law, this is not the type of transaction which creates a fiduciary duty.  <u>See,</u> <u>e.g.</u>, <u>Rangel</u>, 2009 U.S. Dist. LEXIS 65674, at *8.  Moreover, for the reasons set forth above, AmNet's alleged failure to comply with TILA and RESPA requirements falls squarely within "the scope of [AmNet's] conventional role as a mere lender of money" and does not give rise to a cause of action for breach of duty. <u>Nymark</u>, 231 Cal. App. 3d at 1095.

Accordingly, AmNet's motion to dismiss plaintiff's fifth claim for relief for breach of fiduciary duty is GRANTED.

**F.    Fraud**

Plaintiff's sixth cause of action alleges fraud against all defendants.  Specifically, plaintiff alleges that AmNet "trained, directed, authorized, and participated" in the implementation of a fraudulent scheme to guide borrowers into toxic loans.  (FAC ¶ 105.)  Plaintiff further alleges that Wachovia misrepresented that it had the right to collect monies from plaintiff.  (<u>Id.</u> ¶ 106.)  AmNet and Wachovia move to dismiss, arguing that plaintiff's claim should fail because it does not allege any specific fraudulent conduct.  (MTD 7:25-8:3.)

19

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  As a result, plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud.  <u>Id.</u> at 1106 (citations omitted).  Further, "The plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. <u>Concha v. London</u>, 62 F.3d 1493, 1502 (9th Cir. 1995).

Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir. 2007).  When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 645 (1996) (quoting <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal. App. 4th 153, 157 (Ct. App. 1991)); <u>see also</u> <u>Mohammad Akhavein v. Argent</u>

20

Mortgage Co., No. 5:09-cv-00634 RMW (RS), 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July 17, 2009); Edejer v. DHI Mortgage Co., No. C 09-1302 PJH, 2009 U.S. Dist. LEXIS 52900, at *36 (N.D. Cal. June 12, 2009) (dismissing fraud claim where plaintiff did not allege any misrepresentation or false statements made by defendants and failed to allege names of individuals who made fraudulent representations).

Here, plaintiff's FAC has failed to meet the heightened pleading requirement of Rule 9(b). Specifically, plaintiff has alleged fraud against two corporations, AmNet and Wachovia, but has failed to allege who actually made the supposedly false representations or their ability to speak for the corporation. See Lazar, 12 Cal. 4th at 645; Tarmann, 2 Cal. App. 4th at 157. Without such information, plaintiff's fraud claim as to both defendants must fail as a matter of law.

Accordingly, defendants' motion to dismiss plaintiff's claim for fraud is GRANTED.

**G.   Breach of Contract**

Plaintiff's seventh cause of action asserts a claim for breach of contract against defendants Crone and AmNet. Specifically, plaintiff alleges that she "entered into an agreement with [AmNet], whereby [AmNet] promised to provide Plaintiff with an affordable loan." (FAC ¶ 126.) Plaintiff further alleges that AmNet breached this agreement in various ways. (Id. ¶ 127.) AmNet moves to dismiss, arguing that plaintiff failed to identify a contract entered into by both parties.

/////

1   To state a claim for breach of contract under California

2   law, plaintiff must allege: (1) the existence of a contract; (2)

3   his performance or excuse for non-performance of the contract;

4   (3) defendant's breach of the contract; and (4) resulting damage.

5   Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 307 (Ct.

6   App. 1999).

7   In the present case, plaintiff's breach of contract claim

8   fails because plaintiff's FAC lacks any facts that plausibly

9   suggest a contract to provide an affordable loan existed between

10   AmNet and plaintiff.  Plaintiff's FAC alleges that she entered

11   into a loan agreement with AmNet and that the "terms of the loan

12   were memorialized in a Promissory Note, which was secured by a

13   Deed of Trust on [plaintiff's] property."  (FAC ¶ 31.)  Plaintiff

14   did not allege, however, that the terms memorialized in the

15   promissory note included a written provision to provide plaintiff

16   with an "affordable loan."

17   Further, plaintiff alleges that defendant Crone approached

18   her, told her he was a loan officer for defendant Consolidated,

19   and advised her that he could "get her the 'best deal' and the

20   'best interest rates' available on the market."  (FAC ¶¶ 23-24.)

21   Even if the court were to accept plaintiff's allegation that

22   defendant Crone made such statements, the FAC contains no

23   additional facts to suggest that Crone was an employee of AmNet,

24   nor does it suggest that AmNet was aware of and subsequently

25   agreed to those statements.  Therefore, the FAC lacks sufficient

26   facts to plausibly suggest that AmNet ever entered into a

27   contract, oral or written, to provide plaintiff with an

28   affordable loan.  See Logan v. Resmae Mortgage Corp., No.

22

2:09-cv-016132-MCE-GGH, 2009 WL 5206716, at *4 (E.D. Cal. Dec. 24, 2009) (dismissing breach of contract claim based on same allegations).

Accordingly, AmNet's motion to dismiss plaintiff's seventh claim for relief for breach of contract is GRANTED.

**H.   Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's eighth claim for relief asserts that AmNet breached the implied covenant of good faith and fair dealing. Specifically, plaintiff alleges that AmNet breached the implied covenant of good faith by failing to comply with the duties "implied by law into the contract at issue in this action at its inception." (FAC ¶ 134.) AmNet argues that plaintiff's claim should be dismissed because she has failed to identify which contract AmNet has breached. (MTD 12:5-6.)

"Generally, every contract . . . imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 799 (Ct. App. 2008) (quotations and citations omitted). "[T]he implied covenant operates to protect the express covenants or promises of [a] contract.  In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Id. at 806 (quotations and citations omitted) (emphasis in original). Accordingly, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those /////

23

1  incorporated in the specific terms of [the parties] agreement."
2  Id.

3      Here, plaintiff's FAC fails to allege what contract between
4  plaintiff and AmNet forms the basis for her claim.  Plaintiff's
5  FAC alleges that "[a] duty of good faith and fair dealing was
6  implied by law into the contract at issue in this action," but
7  never identifies the "contract at issue."  (FAC ¶ 134.)  In the
8  absence of an identifiable, underlying contract, plaintiff has no
9  basis for her claim.  Moreover, plaintiff's FAC fails to allege
10  specific acts that would constitute a breach of the implied
11  covenant of good faith.  Even if the court were to assume that
12  plaintiff's vague reference to a contract was meant to indicate
13  the loan agreement memorialized in the promissory note, plaintiff
14  has pled no facts that suggest AmNet breached their duty.

15      Accordingly, AmNet's motion to dismiss plaintiff's eighth
16  claim for relief for breach of the implied covenant of good faith
17  and fair dealing is GRANTED.

18  **I.   Wrongful Foreclosure**

19      Plaintiff's ninth claim for relief is a claim for wrongful
20  foreclosure against defendants Wachovia, Quality, and MERS.
21  Specifically, plaintiff alleges that defendants are not in
22  possession of the promissory note, and are therefore not entitled
23  to exercise a non-judicial foreclosure under California Civil
24  Code § 2924 through 29241.  (FAC ¶¶ 142-43.)  Defendants move to
25  dismiss this claim on the ground that plaintiff cannot assert a
26  claim for wrongful foreclosure when no foreclosure has taken
27  place.  (MTD 12:28-13:1.)
28  /////

Because defendants have not yet initiated a non-judicial foreclosure sale, plaintiff's claim is not ripe for review. <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1994).  A claim must be ripe for review in order to be justiciable under Article III of the Constitution.  <u>Id.</u>  Because plaintiff's claim is not justiciable under Article III of the Constitution, the court lacks subject matter jurisdiction to resolve this claim. <u>See</u> <u>West Linn Corporate Park LLC v. City of West Linn</u>, 534 F.3d 1091, 1099 (9th Cir. 2008); <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. Aug. 26, 2009) (reaching same result based on absence of foreclosure sale).

Accordingly, defendants' motion to dismiss plaintiff's ninth claim for relief for wrongful foreclosure is GRANTED.

**J.   Elder Abuse**

Plaintiff's tenth claim for relief alleges that all defendants engaged in elder financial abuse by taking advantage of plaintiff's age and financial circumstances to "defraud plaintiff of money and property."  (FAC ¶ 152.)  Wachovia and AmNet move to dismiss, arguing that plaintiff's claim is improperly pled.

Elder financial abuse occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."  Cal. Wel. & Inst. Code § 15610.30(a)(1).  Elder financial abuse also occurs when a person or entity assists another in such conduct.  <u>Id.</u> § 15610.30(a)(2).  A violation of the statute occurs if, *inter alia*, the person or entity (1) "takes, secretes, appropriates,

1   obtains, or retains the property," and that person or entity (2)

2   "knew or should have known that this conduct is likely to be

3   harmful to the elder or dependent adult." Id. § 15610.30(b).

4        Here, plaintiff fails to allege which particular defendant

5   engaged in fraud, when the alleged fraud occurred, and how such

6   conduct was fraudulent. See Nevis v. Wells Fargo Bank, No. C

7   07-2568 MHP, 2007 WL 2601213, at *4 (N.D. Cal. Sept. 6, 2007)

8   (finding that plaintiff's bare allegations that defendant acted

9   in bad faith and intended to defraud plaintiff by inducing her

10  into unmanageable loan were not specific enough to allege claim

11  of elder abuse); Delaney v. Baker, 20 Cal. 4th 23, 32 (1999).

12  Therefore, the facts contained in plaintiff's FAC, without more,

13  fail to allege a claim for elder abuse.

14       Accordingly, defendants' motion to dismiss plaintiff's tenth

15  claim for relief for elder abuse is GRANTED.

16  **K.    Unfair Business Practices**

17       Plaintiff's eleventh claim for relief asserts that all

18  defendants violated Section 17200 of the California Business &

19  Professions Code by engaging in unlawful, unfair, and fraudulent

20  business practices. (FAC ¶ 118.) Specifically, plaintiff's

21  claim against Wachovia is based on its alleged violations of

22  California's Rosenthal Act and RESPA, negligence, fraud, and

23  illegal foreclosure activities. (FAC ¶ 118.) Similarly,

24  plaintiff's claim against AmNet is based on alleged violation of

25  TILA and RESPA, negligence, breach of fiduciary duty, fraud,

26  breach of contract, and breach of the implied covenant of good

27  faith and fair dealing. (Id. ¶ 119.) Defendants move to

28  /////

1    dismiss, arguing that plaintiff's FAC fails to state a cognizable

2    claim.

3        The Unfair Competition Law ("UCL"), California Business and

4    Professions Code §§ 17200 <u>et seq</u>., forbids acts of unfair

5    competition, which includes "any unlawful, unfair or fraudulent

6    business act or practice." Cal. Bus. & Prof. Code § 17200. "The

7    UCL is broad in scope, embracing anything that can properly be

8    called a business practice and that at the same time is forbidden

9    by law." <u>People ex rel. Gallegos v. Pac. Lumber Co.</u>, 158 Cal.

10    App. 4th 950, 959 (Ct. App. 2008) (internal citations omitted).

11        Because plaintiff's UCL claim is predicated upon defendants'

12    alleged violations of claims already dismissed above, plaintiff's

13    allegations regarding her UCL claim similarly fail to state a

14    basis for relief.

15        Accordingly, defendants' motion to dismiss plaintiff's

16    eleventh claim for relief for violation of the UCL is GRANTED.

17                       **CONCLUSION**

18        For the foregoing reasons, defendants' motion to dismiss is

19    GRANTED with leave to amend. Plaintiff is granted fifteen (15)

20    days from the date of this order to file a second amended

21    complaint in accordance with this order. Defendants are granted

22    thirty (30) days from the date of service of plaintiff's second

23    amended complaint to file a response thereto.

24        IT IS SO ORDERED.

25    DATED: March 3rd, 2010.

26

27        FRANK C. DAMRELL, JR.

          UNITED STATES DISTRICT JUDGE

28