UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANORA MCGILL,

        Plaintiff,

   v.

WACHOVIA MORTGAGE, FSB;
AMERICAN MORTGAGE NETWORK,
INC.; QUALITY LOAN SERVICE
CORPORATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; CONSOLIDATED
CAPITAL MORTGAGE; CAREY FRED
CRONE; and DOES 1-20
inclusive,

        Defendants.
_____/

Civ. No. S-09-2002 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of defendants Wachovia Mortgage Bank, FSB, and American Mortgage Network, Inc. to dismiss plaintiff Lanora McGill's ("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

/////

1

1    Jurisdiction is a threshold inquiry before the adjudication
2 of any case before the court.  See Morongo Band of Mission
3 Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
4 (9th Cir. 1988).  Without jurisdiction, this court cannot
5 adjudicate the merits of this case or order any relief.  See id.
6 ("If the district court had no jurisdiction over the subject
7 matter, the action should have been dismissed, regardless of the
8 parties' preference for an adjudication in federal court.").

9    Plaintiff's original and first amended complaint alleged
10 claims for (1) violation of TILA; (2) violation of the California
11 Rosenthal Act, California Civil Code §§ 1788 et seq.; (3)
12 negligence; (4) violation of Real Estate Settlement Procedures
13 Act ("RESPA"), 12 U.S.C. §§ 2605, et seq.; (5) breach of
14 fiduciary duty; (6) fraud; (7) violation California Business &
15 Professions Code § 17200 et seq.; (8) breach of contract; (9)
16 breach of implied covenant of good faith and fair dealing; (10)
17 wrongful foreclosure; and (11) violation of California Welfare &
18 Institutions Code §§ 15600 et seq..  On March 4, 2010, the court
19 granted defendants' motion to dismiss plaintiff's complaint with
20 leave to amend.

21    However, plaintiffs filed a second amended complaint on
22 March 18, 2010, which is devoid of any federal claims.
23 Specifically, plaintiff's second amended complaint alleges claims
24 for (1) fraud; (2) breach of contract; (3) breach of implied
25 covenant of good faith and fair dealing; (4) negligence; (5)
26 breach of fiduciary duty; (6) violations of California Business &
27 Professions Code § 17200 et seq.; (7) violation of Civil Code §
28 2923.5 et seq.; (8) quiet title; and (9) violation of California

2

Welfare & Institutions Code § 15600 et seq..

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

Accordingly, plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

DATED: May 21, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3